11-3982-ag
Zheng  v. Holder
BIA
LaForest, IJ
A089 913 149

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand twelve.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

XIUQIN ZHENG,
>        *Petitioner,*

>        v.                                        11-3982
>                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:     Thomas V. Massucci, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Stephen J. Flynn,
                    Assistant Director, Imran R. Zaidi, Trial
                    Attorney, Office of Immigration
                    Litigation, United States Department of
                    Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiuqin Zheng, a native and citizen of the People's Republic of China, seeks review of a September 7, 2011, order of the BIA affirming the January 26, 2010, decision of Immigration Judge ("IJ") Brigitte LaForest denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuqin Zheng,* No. A089 913 149 (B.I.A. Sept. 7, 2011), *aff'g* No. A089 913 149 (Immig. Ct. N.Y. City Jan. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Zheng's, governed by the amendments made to the Immigration and Nationality Act by

2

the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); see *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling.  *Xiu Xia Lin*, 534 F.3d at 167.

In this case, the IJ's adverse credibility determination is supported by substantial evidence.  First, the IJ identified numerous inconsistencies in Zheng's testimony, for which Zheng provided inadequate explanations.  *See id.* (holding that the agency may rely on "any inconsistency," as considered with the totality of the circumstances, in making an adverse credibility determination).  Zheng testified that she had given birth to a child in China and that Chinese officials forced her to undergo an abortion when she subsequently became pregnant again.  In addition, at the time of her hearing, Zheng was

3

visibly pregnant and testified that she was due to give birth in three weeks. However, when questioned about the number of times she had been pregnant, Zheng testified that she had been pregnant twice, once in China and once in the United States.  In addition, although Zheng stated in her asylum application that she had been arrested in China and detained for two days, she testified that she had never been arrested.

In finding Zheng not credible, the IJ also reasonably relied on the vagueness of Zheng's testimony regarding key elements of her claim.  *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, as here, the [fact-finder] may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).  As the IJ noted, Zheng's testimony lacked specific detail regarding the two incidents upon which her claim of past persecution was based: her alleged forced abortion and her alleged arrest by Chinese authorities at an unregistered family church service.

The adverse credibility determination also is supported

4

by the IJ's demeanor finding, which we generally afford particular deference, especially when, as here, it is "supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The IJ made specific note of several instances when Zheng paused for thirty seconds or more before attempting to answer a question; the IJ also noted that Zheng would often "look around" the room for an extended period of time "as if trying to remember" before answering and that she answered some questions with "a long silence."

Although Zheng alleged that the deficiencies in her testimony resulted from memory trouble and pregnancy-related symptoms, the IJ was not compelled to accept her explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In sum, given the inconsistencies, as well as Zheng's vague and evasive testimony, the IJ's adverse credibility determination is supported by substantial evidence and the agency did not err in denying asylum, withholding of removal, and CAT relief on this basis. *See Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006).

We reject Zheng's argument that the IJ failed in her duty to develop the record. The record shows that the IJ

made every effort to give Zheng a meaningful opportunity to elaborate on her claims, probing her testimony when it lacked detail and asking her to provide explanations for inconsistencies, discrepancies, and omissions.  *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 n.18 (2d Cir. 2006) ("An IJ's responsibility to identify, in advance of judgment, perceived inconsistencies, is not tantamount to a duty to assist the counseled asylum applicant in putting forward an affirmative asylum claim in the first place.").  We also reject Zheng's argument that the IJ violated her right to due process by failing to inquire further about her alleged memory impairment as Zheng was represented by counsel at her hearing, and, had she suffered from a physical or mental condition that interfered with her ability to testify, her attorney could and should have requested an adjournment.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6